MATTHEW G. BAGLEY (6820)
6228 W. TRIPLE CROWN LANE
HERRIMAN, UT 84096
TELEPHONE: (801) 446- 4865
ATTORNEY FOR PLAINTIFF

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH**

| | |
|---|---|
| TORI HANSEN,<br><br>    Plaintiff,<br><br>v.<br><br>MOUNTAIN AMERICA FEDERAL CREDIT UNION; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and TRANSUNION LLC<br><br>    Defendants. | Case No.: 2:22-cv-00583<br><br>**Complaint for Damages:**<br>**Violation of Fair Credit Reporting Act** |

Plaintiff, Tori Hansen, by and through undersigned counsel, upon information and belief, hereby complains as follows:

## I. INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

## II. PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Salt Lake, Utah.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendant, Mountain America Federal Credit Union ("Mountain America") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Utah.

5. At all times pertinent hereto, Defendant Mountain America is a "person" as that term is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as that term is described in 15 U.S.C. §1681s-2 *et seq.*

6. Defendant Mountain America was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant Mountain America is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Utah.

9. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Utah.

10. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

13. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Utah.

14. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Utah.

15. Equifax is regularly engaged in the business of assembling, evaluating, and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

16. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

17. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

18. Defendant, TransUnion LLC ("TransUnion"), is a credit reporting agency, licensed to do business in Utah.

19. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Utah.

20. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

21. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

22. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.   JURISDICTION AND VENUE

23. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

24. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Salt Lake County, Utah and Defendants do business in Utah.

25. Personal jurisdiction exists over Defendants as Plaintiff resides in Utah, Defendants have the necessary minimum contacts with the state of Utah, and this suit arises out of specific conduct with Plaintiff in Utah.

### IV.   FACTUAL ALLEGATIONS

26. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants

1  Mountain America, Experian, Equifax, and TransUnion (collectively, "Defendants"), and has
2  suffered particularized and concrete harm.

3    27. Equifax, Experian, and TransUnion are the three largest consumer reporting
4  agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

5    28. The CRAs' primary business is the sale of consumer reports (commonly referred
6  to as "credit reports") to third parties and consumers.

7    29. Equifax, Experian and TransUnion have a duty, under the FCRA, to follow
8  reasonable procedures to ensure that the consumer reports they sell meet the standard of
9  "maximum possible accuracy." 15 U.S.C. §1681e(b).

10    30. The Plaintiff discovered the Mountain America account MOUNTAIN AMERICA
11  FCU Account #105872XXXXXX in the amount of around $18,340 reporting on her Equifax,
12  Experian and TransUnion consumer reports in error (the "Account").

13    31. The Account is double reporting as, on information and belief, the Account was
14  sold/assigned to FINANCIAL ASSISTANCE Account #j22714X in the amount of around
15  $20,875, which also reports her Equifax, Experian and TransUnion consumer reports.

16    32. Defendant Mountain America continues erroneously to report the Account with
17  duplicate balance due and owing inclusive of late fees and penalties, and a derogatory status to
18  Equifax, Experian and TransUnion which are CRAs and which report a duplicate and different
19  balance owed on the Account on Plaintiff's consumer reports.

20    33. The false information regarding the Account appearing on Plaintiff's consumer
21  reports harms the Plaintiff because it does not accurately depict Plaintiff's credit history and
22  creditworthiness and overstates credit utilization.

23    34. The Plaintiff has refrained from applying for credit because of the erroneous
24  Account.

25  <center>**PLAINTIFF'S WRITTEN DISPUTE**</center>

26    35. On or about July 11, 2022, Plaintiff sent a written dispute to Experian ("Experian
27  Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's
28  Experian consumer report.

36. On or about July 11, 2022, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

37. On or about July 11, 2022, Plaintiff sent a written dispute to TransUnion ("TransUnion Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's consumer reports.

38. Upon information and belief, Experian, Equifax, and TransUnion forwarded Plaintiff's Dispute to Defendant Mountain America.

39. Upon information and belief, Mountain America received notification of Plaintiff's Experian, Equifax, and TransUnion Disputes ("Dispute Letters") from Experian, Equifax, and TransUnion

40. Upon information and belief, Mountain America verified the erroneous information associated with the Account to Experian, Equifax, and TransUnion.

41. Mountain America failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

42. Experian, Equifax, and TransUnion each did not conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

43. Upon information and belief, Mountain America failed to instruct Experian, Equifax, and TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

44. Experian, Equifax, and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

45. At no point after receiving the Dispute Letters did Mountain America, Experian, Equifax, or TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

46. Experian, Equifax, and TransUnion relied on their own judgment and the information provided to them by Mountain America rather than grant credence to the information provided by Plaintiff.

### COUNT I – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

47. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

48. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

49. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

50. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

51. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

52. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

53. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT II – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

54. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth

1  herein.

2  55. After receiving the Experian Dispute, Experian failed to correct the false
3  information regarding the Account reporting on Plaintiff's Experian consumer report.

4  56. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate
5  information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing
6  to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which
7  to filter and verify disputed information in Plaintiff's credit files.

8  57. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff
9  suffered damage, and continues to suffer, actual damages, including economic loss, damage to
10 reputation, emotional distress and interference with Plaintiff's normal and usual activities for
11 which Plaintiff seeks damages in an amount to be determined by the trier of fact.

12 58. Defendant Experian's conduct, action, and inaction were willful, rendering
13 Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

14 59. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover
15 damages under 15 U.S.C. §1681o.

16 60. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian
17 pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

21 61. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth
22 herein.

23 62. After receiving the Equifax Dispute, Equifax failed to correct the false information
24 regarding the Account reporting on Plaintiff's Equifax consumer report.

25 63. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to
26 follow reasonable procedures to assure maximum possible accuracy in the preparation of the
27 credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

28 64. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff

suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

65. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

66. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

67. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

68. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

69. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

70. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

71. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

72. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

73. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

74. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

75. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

76. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

77. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

78. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

79. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

80. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

81. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – TRANSUNION

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681(i)

82. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

83. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

84. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

85. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

86. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

87. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

88. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – MOUNTAIN AMERICA
### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

89. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

90. After receiving the Dispute Letters, Mountain America failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

91. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Mountain America's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Mountain

America's representations to consumer credit reporting agencies, among other unlawful conduct.

92. As a result of this conduct, action, and inaction of Defendant Mountain America, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

93. Defendant Mountain America's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

94. In the alternative, Defendant Mountain America was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

95. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Mountain America pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

B. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

C. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

D. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted September 8, 2022

By: */s/ Matthew Bagley*
Matthew Bagley
Attorney for Plaintiff