IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| TORI HANSEN,<br><br>    Plaintiff,<br><br>v.<br><br>MOUNTAIN AMERICA FEDERAL CREDIT UNION; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; and TRANSUNION LLC,<br><br>    Defendants. | **ORDER AND MEMORANDUM DECISION DENYING MOTION TO DISMISS**<br><br>Case No. 2:22-cv-00583-TC<br><br>Judge Tena Campbell |

Defendant Mountain America Federal Credit Union ("MACU") moves to dismiss Plaintiff Tori Hansen's cause of action for violation of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. § 1681s–2(b). (ECF No. 15.) The court held a hearing on the motion on April 19, 2023. For the reasons stated below, the court finds that Ms. Hansen has adequately pled her cause of action and therefore denies the motion.

## FACTUAL BACKGROUND

Ms. Hansen has an outstanding and delinquent debt for a Visa credit card in an account that she maintains with MACU. On September 9, 2021, at which time Ms. Hansen owed $18,340 on the account, MACU assigned that debt to a third-party debt collector, Financial Assistance ("FAI"). (ECF No. 15 at 2.) Ms. Hansen's credit report now includes two tradelines

1

that both show a balance: $18,340 for MACU and $20,875 for FAI. (ECF No. 15-1 at 3, 6.)

Around July 11, 2022, Ms. Hansen sent written disputes to Equifax, Experian, and TransUnion, the three credit reporting agencies ("CRAs"), arguing that her credit reports were inaccurate because the inclusion of both balances resulted in double reporting. (Compl. ¶¶ 35-37, ECF No. 2.) MACU received notice of the Experian and TransUnion disputes on August 1, 2022, and August 8, 2022, respectively.[1] (ECF No. 15 at 3.) After investigation, MACU determined that its reporting was accurate and declined to change its reporting.

Ms. Hansen alleges that MACU willfully or negligently violated the FCRA because it failed to remove the balance under the MACU tradeline from her credit report. (Compl. ¶¶ 93-94, ECF No. 2.) MACU avers that its investigation was reasonable and its information was accurate, and that Ms. Hansen has therefore failed to state a claim for relief under 15 U.S.C. § 1681s–2(b). Furthermore, MACU argues that Ms. Hansen has not provided evidence of damages.

## ANALYSIS

**Rule 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) requires dismissal if the complaint fails to state a claim upon which relief can be granted. The court must accept all well-pled factual allegations as true and construe them in the light most favorable to the nonmoving party. Strauss v. Angie's List, Inc., 951 F.3d 1263, 1267 (10th Cir. 2020). But that rule does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." Kansas Penn Gaming, LLC v. Collins,

---

[1] MACU alleges that it never received a dispute from Equifax. (ECF No. 15 at 3.)

656 F.3d 1210, 1214 (10th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[T]o withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).

**Actions under 15 U.S.C. § 1681s-2(b)**

The FCRA "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." Longman v. Wachovia Bank, N.A., 702 F.3d 148, 150 (2d Cir. 2012) (citing 15 U.S.C. § 1681(b)). As part of its regulatory scheme, the FCRA imposes several duties on those who furnish information to a CRA. See 15 U.S.C. § 1681s–2(b).

MACU does not dispute that it is a furnisher of credit information and therefore subject to these requirements. Specifically, a furnisher of information who has received notice of a dispute from a CRA is required to:

> (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable.

Llewellyn v. Allstate Home Loans, Inc., 711 F.3d 1173, 1178-79 (10th Cir. 2013) (quoting Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 750 (10th Cir. 2009)).

Here, there is no disagreement that two CRAs (TransUnion and Experian) provided MACU notice of the dispute with Ms. Hansen. MACU has filed a declaration stating that it investigated Ms. Hansen's information and confirmed the accuracy of its reporting. (Decl. Alexys Harvey, ECF No. 15-2.) Therefore, MACU argues that it was not obligated to make any changes.

District courts have provided various formulations of what is required by a plaintiff to survive a motion to dismiss for a claim of violation of the FCRA by a furnisher.[2] Under any of these formulations, the plausibility of Ms. Hansen's claim hinges on one central dispute: is there an inaccuracy in Ms. Hansen's credit report? See Chiang v. Verizon New England Inc., 595 F.3d 26, 29-30 (1st Cir. 2010) ("[A] § 1681s–2(b) claim requires plaintiff to show actual inaccuracies that a furnisher's objectively reasonable investigation would have been able to discover."). If there is, then MACU's failure to amend that error after investigation renders MACU potentially liable for a violation of 15 U.S.C. § 1681s–2(b).

"[A]n item on a credit report can be incomplete or inaccurate … because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 890

---

[2] A district court in Arizona has held:

> A claim under 15 U.S.C. § 1681s–2(b) requires a plaintiff to plead the following four elements to state a claim against a credit furnisher: (1) a credit reporting inaccuracy existed on plaintiff's credit report; (2) plaintiff notified the consumer reporting agency that plaintiff disputed the reporting as inaccurate; (3) the consumer reporting agency notified the furnisher of the alleged inaccurate information of the dispute; and (4) the furnisher failed to investigate the inaccuracies or further failed to comply with the requirements in 15 U.S.C. § 1681s–2(b)(1)(A)-(E).

Cook v. Mountain Am. Fed. Credit Union, No. 2:18-cv-1548-HRH, 2018 WL 3707922, at *3 (D. Ariz. Aug. 3, 2018) (cleaned up). Whereas a district court in New York has held:

> In connection with a claim for willful violation of the FCRA by a furnisher, to survive a motion to dismiss in this District a plaintiff is required to plead only that the furnisher provided erroneous information to the CRA, Plaintiff notified the CRA that the information was erroneous, the CRA notified the furnisher of the dispute and the inaccurate information remained on the credit report despite the dispute.

Haynes v. TransUnion, LLC, No. 19-7157, 2021 WL 2179346, at *6 (E.D.N.Y. Feb. 4, 2021).

(9th Cir. 2010) (cleaned up).  MACU urges the court to adopt the Third Circuit's "reasonable reader" standard for determining whether a consumer credit report is misleading or inaccurate by asking "how a reasonable reader would have comprehended a report."  Bibbs v. Trans Union LLC, 43 F.4th 331, 341-42 (3d Cir. 2022) (declining to apply a "reasonable creditor" standard).

Even adopting MACU's preferred approach, the court finds it is unclear how a reasonable reader would understand Ms. Hansen's credit report.  Some indications support MACU's argument that the MACU and FAI tradelines clearly refer to the same account.  The MACU tradeline states that the account is "closed" (all three reports) and is a "collection account … [c]anceled by credit grantor" (TransUnion) or "assigned to … collection agency" (Experian) or a "COLLECTION ACCOUNT CLOSED BY CREDIT GRANTOR" (Equifax).  (ECF No. 15-1 at 6.)  The FAI tradeline states that the original creditor is "MOUNTAIN AMERICA CU – VISA" (all three reports) and the reports from Equifax and Experian specify that the account is a collection account.  (ECF No. 15-1 at 3.)

But other aspects of the credit reports could be misleading.  Both tradelines show a balance and the balance is listed at different amounts: as $18,340 for MACU and as $20,875 for FAI.[3]  Moreover, at the hearing on the motion, MACU's counsel candidly admitted that MACU's practice of assigning, rather than selling, a debt—and thereby retaining ownership over the debt[4]— was unusual.  MACU's counsel argued that the Fair Debt Collection Practices Act[5] allows a collection agency like FAI to report the debt and that the reporting standards for credit unions like MACU are encoded in the Metro 2 guidelines published by the Consumer Data

---

[3] At the hearing, MACU's counsel explained that the FAI account was still accruing interest.
[4] The court assumes, although it has not been provided with this evidence, that when a credit union sells, rather than assigns, its debt to a collection agency, it reports a balance of $0 to the CRAs.
[5] Pub. L. 95-109, 91 Stat. 874 (1977).

Industry Association.[6]  But these guidelines have not been provided to the court and the court has been unable to find authority that provides clear guidance about how a debt should be reported when it has been assigned.

The court therefore finds that Ms. Hansen has plausibly alleged that her credit reports are inaccurate.  It follows that, because MACU did not change its reporting in response to the notice of dispute, Ms. Hansen has plausibly alleged a claim for willful or negligent violation of the FCRA.

**Damages**

MACU argues that, even if Ms. Hansen has stated a legally cognizable claim, the court should nevertheless dismiss the action because Ms. Hansen has not pled damages with sufficient specificity.

Ms. Hansen has pled claims for both negligent and willful violation of the FCRA, and she is not required to prove actual damages for a willful violation: "A consumer is entitled to actual damages for a negligent violation of the FCRA.  15 U.S.C. § 1681o(a).  'Under §1681n(a), however, the consumer need not prove actual damages if the violation is willful, but may recover punitive damages and statutory damages ranging from $100 to $1,000.'"  Llewellyn, 711 F.3d at 1179 (quoting Birmingham v. Experian Info. Sols., Inc., 633 F.3d 1006, 1009 (10th Cir. 2011)).

Moreover, Ms. Hansen's complaint states that she suffered damage to reputation and emotional distress.  (Compl. ¶ 92, ECF No. 2.)  Actual damages may include these types of harm.  *Fischl v. Gen. Motors Acceptance Corp.*, 708 F.2d 143, 151 (5th Cir. 1983) ("Even where no pecuniary or out-of-pocket loss has been shown, the FCRA permits recovery for humiliation

---

[6] See Metro 2® Format for Credit Reporting, Consumer Data Indus. Ass'n, https://www.cdiaonline.org/resources/furnishers-of-data-overview/metro2-information/ (last visited June 22, 2023).

and mental distress … as well as for injury to one's reputation and creditworthiness.") (cleaned up).[7] And while the court agrees that Ms. Hansen bears the burden to show actual damages, it would be premature to dismiss her action at this stage of the proceedings before she has been able to provide this evidence.[8]

## ORDER

For the foregoing reasons, the court denies Defendant MACU's Motion to Dismiss (ECF No. 15).

DATED this 23rd day of June, 2023.

BY THE COURT:

_Tena Campbell_
TENA CAMPBELL
United States District Judge

---

[7] See also Miller v. Dish Network, L.L.C., 326 F. Supp. 3d 51, 61 (E.D. Va. 2018) (affirming, after the Supreme Court's decision in Spokeo, Inc. v. Robins, 578 U.S. 330 (2016), that "[e]motional distress has been found to constitute an injury in fact under the FCRA").

[8] Notably, the cases cited by MACU in its briefing were decided at the summary judgment stage. See ECF No. 15 at 8; ECF No. 22 at 5. MACU has moved (in the alternative) to convert the current motion to a motion for summary judgment, but the court declines to do so because Ms. Hansen has not had the benefit of discovery and, in any event, the court finds that the factual information MACU asks the court to consider concerning the adequacy of MACU's investigation is insufficient to dismiss the case.